**In re THOMSON MCKINNON SECURITIES INC., Thomson McKinnon Inc., and Realty International Corporation, Debtors.**

**Bankruptcy Nos. 90 B 10914, 90 B 11805 and 91 B 13280.**

United States Bankruptcy Court, S.D. New York.

March 22, 1993.

See also 149 B.R. 61.

Kirkland & Ellis, New York, NY, for James P. Hassett, As Trustee of CIS Corp.

Debevoise & Plimpton, New York, NY, for debtors.

## DECISION ON MOTION FOR ORDER FIXING DATE BY WHICH DEBTOR MUST ASSUME OR REJECT UNEXPIRED LEASE, COMPELLING CURE OF DEFAULTS, AND ALLOWING AN EXPENSE OF ADMINISTRATION

HOWARD SCHWARTZBERG, Bankruptcy Judge.

■ The Chapter 11 trustee of Continental Information Systems, Inc. ("CIS") has moved pursuant to 11 U.S.C. § 365 to compel the liquidating Chapter 11 debtor in this case, Thomson McKinnon Securities Inc. ("TMSI"), either to assume or reject an unexpired lease of computer equipment, and, in the event of rejection, for an order directing TMSI to pay the unpaid postpetition rental payments as an expense of administration. The hearing on the motion was held on March 18, 1993. The next day, TMSI's liquidating plan of reorganization was confirmed by this court without objection and an order of confirmation was entered. Section 5.1 of TMSI's confirmed plan provides that all prepetition leases and executory contracts of TMSI not expressly assumed by TMSI prior to confirmation shall be deemed rejected and disaffirmed upon the entry of the confirmation order. Accordingly, CIS's motion to compel assumption or rejection was rendered academic the next day when TMSI successfully confirmed its liquidating Chapter 11 plan which rejected all prepetition leases not previously assumed or rejected. Pursuant to 11 U.S.C. § 502(g), a claim arising from the rejection of an unexpired lease under 11 U.S.C. § 365 or under a Chapter 11 plan shall be allowed as a prepetition claim.

■ The fact that CIS did not file a proof of claim within the time limits imposed by the bar date established in this case is irrelevant. CIS's claim for unpaid prepetition rent could not be asserted after the bar date. However, its claim for damages arising from the debtor's rejection of the unexpired lease pursuant to its confirmed plan is not precluded by the bar date because such damages arose after the bar date and as a consequence of confirmation of the Chapter 11 plan. See 11 U.S.C. § 1123(b)(2). This claim for damages arising from the rejection of the lease may include the unpaid rent payments which heretofore could not be asserted because of the bar date.

TMSI resisted the CIS motion and argued that it had assigned its equipment lease to ADP Financial Information Services, Inc. ("ADP") in December of 1988, more than a year before TMSI filed its Chapter 11 petition with this court on March 28, 1990. Therefore, TMSI contends that it gave up any rights under the lease, which is no longer an executory contract and not capable of assumption or rejection under 11 U.S.C. § 365.

■ This argument is flawed for various reasons. First, the lease in question was expressly rejected under TMSI's confirmed plan of reorganization. Second, the concept of executoriness has significance for contracts, as distinguished from unexpired leases. For the purposes of Chapter 11 proceedings, unexpired leases of property, even after assignment, remain executory contracts as to the original parties. *Federal's, Inc. v. Edmonton Investment Co.,* 555 F.2d 577, 581 (6th Cir.1977); *Al-*

*lied Technology, Inc. v. R.B. Brunemann & Sons, Inc.,* 25 B.R. 484, 495 (Bankr. S.D.Ohio 1982). Third, whether or not TMSI assigned the lease to ADP, or only subleased the computer equipment to ADP, is irrelevant; the lease between TMSI and CIS had not been terminated and continued as an unexpired lease when TMSI's Chapter 11 plan was confirmed, at which time it was rejected pursuant to the confirmed plan.

The only remaining issue is CIS's claim that the unpaid post-petition rents under the computer lease be treated as an expense of administration.

## FINDINGS OF FACT

1. It is not disputed that on September 20, 1983, CMI Corporation ("CMI"), an affiliate of CIS, entered into a master lease for the leasing of computer equipment to TMSI. On June 16, 1988, CMI assigned the equipment lease to CIS. Pursuant to a purchase agreement dated December 1, 1988, TMSI sold its data processing operations to ADP and either assigned or subleased its rights under the CIS master lease to ADP. The lease equipment was removed from TMSI's premises and delivered to ADP. Thereafter, ADP paid CIS the quarterly rent payments due CIS under the lease for the period from January of 1989 through June of 1989, but failed to make any payments thereafter.

2. In May of 1989, ADP subleased the computer equipment to Meridian Leasing Corporation ("Meridian"). Meridian, in turn, subleased the computer equipment to a company named Day–Timers. Apparently, the equipment is now obsolete and of nominal value. TMSI never received any payment from ADP's sublease to Meridian or from Meridian's sublease to Day–Timers.

3. When TMSI filed its Chapter 11 petition on March 28, 1990, it did not have possession of the computer equipment originally leased from CMI, nor did it receive any rent payments from any of the entities which subleased the equipment after TMSI relinquished possession of the equipment in January of 1989.

4. During the period July 1, 1988 through June 30, 1989, TMSI paid the required quarterly rental payments under the lease, totalling $623,680.08, exclusive of taxes. TMSI made its last quarterly rental payment due CIS under the lease on June 30, 1989. Since that date, TMSI did not make any further rental payments to CIS.

## DISCUSSION

A trustee or a debtor in possession is liable for the reasonable value of the actual use and occupation of property under an unassumed and unrejected lease during the post-petition period until the unexpired lease is either assumed or rejected. *In re Subscription Television of Greater Atlanta,* 789 F.2d 1530 (11th Cir. 1986); *In re CIS Corp.,* 142 B.R. 640 (S.D.N.Y.1992); *In re Baths International, Inc.,* 31 B.R. 143 (S.D.N.Y.1983); *In re ICS Cybernetics, Inc.,* 111 B.R. 32 (Bankr. N.D.N.Y.1989). The debtor in possession must be shown to have received a direct benefit from the consideration furnished. *CIS Corp.,* 142 B.R. at 643. To the extent that a post-petition debtor receives a benefit for the use of property such benefit is allowed as an administrative expense pursuant to 11 U.S.C. § 503(b)(1)(A), which allows the actual, necessary costs and expenses of preserving the estate.

In the instant case, there was no proof that TMSI received or enjoyed during the post-petition period any financial benefit from the leased computer equipment after the assignment or sublease transaction with ADP, when the equipment was turned over to ADP in early 1989. No rental payments were received by TMSI from ADP or any other entity after January of 1989, which was more than one year before TMSI filed its Chapter 11 petition on March 28, 1990.

## CONCLUSIONS OF LAW

1. This court has jurisdiction over the subject matter and the parties in accordance with 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding in ac-

cordance with 28 U.S.C. § 157(b)(2)(A) and (B).

2. CIS's motion to compel the debtor, TMSI, to assume or reject an unexpired lease for computer equipment is denied as moot because the debtor's confirmed Chapter 11 plan expressly rejects all previously unassumed unexpired leases, thereby giving CIS a prepetition claim for damages pursuant to 11 U.S.C. § 502(g).

3. CIS's motion that the debtor be directed to pay all unpaid post-petition rent under the unexpired computer lease as an administrative expense is denied because CIS has failed to prove that the debtor received or enjoyed any post-petition financial benefit from the leased computer equipment, as required under 11 U.S.C. § 503(b)(1)(A).

SETTLE ORDER on notice in accordance with the foregoing.